## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

ARNOLD RIVERA,

      Plaintiff,

v.

VANDALIA CITY POLICE
DEPARTMENT, FAYETTE COUNTY
COURT, and JUDGE KELLY,

      Defendants.

Case No. 3:19-CV-341-NJR-RJD

## MEMORANDUM AND ORDER

**ROSENSTENGEL, Chief Judge:**

This matter is before the Court on the Motion for Leave to Proceed *in forma pauperis* filed by Plaintiff Arnold Rivera (Doc. 2). On March 25, 2019, Rivera filed a civil rights complaint under 28 U.S.C. § 1983 alleging the Vandalia City Police Department, Judge Kelly, and the Fayette County Court violated his constitutional rights (Doc. 1). He now seeks to proceed without prepayment of the required filing fees.

Under 28 U.S.C. § 1915(a)(1), a federal court is authorized to permit an indigent party to commence a civil action without prepaying the required fees if the party submits an affidavit that includes a statement of all assets he or she possesses and that demonstrates the party is unable to pay such fees. 28 U.S.C. § 1915(a)(1). Complete destitution is not required to proceed *in forma pauperis*; an affidavit demonstrating that the plaintiff cannot, because of his poverty, provide himself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

The Court has reviewed Rivera's affidavit (Doc. 2) and finds that he is indigent. Rivera attests that he is unemployed, is "fighting worker comp," and gets public aid (*Id.*). He states

that he receives $742 per month but has no other income or assets (*Id.*). On the other hand,

his expenses include $600 per month in rent and $68 per month for electric (*Id.*). He also has

full custody of his four minor children (*Id.*). Based on these facts, the Court finds that Rivera's

poverty level justifies granting him IFP status.

But, that does not end the inquiry. Under Section 1915[e](2), the Court must then

screen the indigent plaintiff's complaint and dismiss the complaint if it is clearly frivolous or

malicious, fails to state a claim, or is a claim for money damages against an immune

defendant. 28 U.S.C. § 1915(e)(2)(B); *see also Hoskins v. Poelstra*, 320 F.3d 761, 763 (7th Cir. 2003)

("District judges have ample authority to dismiss frivolous or transparently defective suits

spontaneously, and thus save everyone time and legal expense."). Thus, resolving the motion

to proceed IFP requires a review of the allegations of the complaint.

In reviewing the complaint, the undersigned is aware that courts construe *pro se*

claims generously. *Buechel v. United States*, 746 F.3d 753, 758 (7th Cir. 2014). The Court accepts

the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v.*

*Rednour*, 729 F.3d 645 (7th Cir. 2013). Conclusory statements and labels, however, are not

enough. The complaint must allege enough facts to "state a claim to relief that is plausible on

its face." *Alexander v. United States*, 721 F.3d 418, 421 (7th Cir. 2013). That means "a plaintiff

must do better than putting a few words on paper that, in the hands of an imaginative reader,

might suggest that something has happened to her that might be redressed by the law."

*Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). "[I[nstead that the plaintiff must

give enough details about the subject-matter of the case to present a story that holds

together." *Id.* at 404.

Here, Rivera alleges that Defendants violated his constitutional rights by invading his

privacy, harassing him, performing an illegal search and seizure, and trying to get him fired (Doc. 1). More specifically, Rivera asserts that on February 27 and February 28, 2019, Judge Kelly at the Fayette County Court "tried to get [him] fired" and called him a "child molester in open court on a case that was dropped." (*Id.*) He also claims the police harassed him, intimidated him, and searched and seized his property without a warrant (*Id.*). Rivera seeks $280,000 for violation of his rights, harassment, and defamation of character, and to cover the cost of replacing his property (*Id.*).

Straight away, the claims against Judge Kelly must be dismissed, as judges are entitled to absolute immunity. Absolute judicial immunity "confers complete immunity from suit, not just a mere defense to liability." *Dawson v. Newman*, 419 F.3d 656, 660 (7th Cir. 2005). Judicial immunity extends to acts performed by the judge "in the judge's judicial capacity," but "not to ministerial or administrative acts." *Id.* (quoting *Lowe v. Letsinger*, 772 F.2d 308, 312 (7th Cir. 1985)). Here, Rivera alleges that Judge Kelly called him a "child molester" in open court, indicating the statement was made in the judge's judicial capacity. To the extent Rivera alleges Judge Kelly tried to get him fired, that assertion alone is insufficient to state any cause of action against Judge Kelly.

The Fayette County Court also must be dismissed. To assert a 42 U.S.C. § 1983 claim against a local governmental entity, Rivera must allege that the entity had a policy, practice, or custom that caused the deprivation of his constitutional rights. *Monell v. Dep't of Social Servs. of City of New York*, 436 U.S. 658, 692-693 (1978). The governmental body's policy or custom must be the moving force behind the constitutional deprivation. *Id.* at 694. Rivera has not alleged that the Fayette County Court had a policy or custom that caused his injury; thus, he has failed to state a claim under 42 U.S.C. § 1983.

The Vandalia City Police Department also is not an appropriate defendant in this case. As a general rule, a municipal police department is not a proper party to an action under 42 U.S.C. § 1983 because it has no separate legal existence apart from the municipality that it serves. *See Briggs v. City of Cahokia*, No. CIV. 11-563-GPM, 2011 WL 5244932, at *1, n.2 (S.D. Ill. Nov. 2, 2011); *Harrison v. City of Chicago*, No. 05 C 2680, 2005 WL 3542576, at *2 (N.D. Ill. Dec. 22, 2005) (dismissing the Chicago Police Department as a defendant in a Section 1983 action because it has no separate legal existence apart from the City of Chicago and, therefore, is not a suable entity under the statute). Even if Rivera had named the City of Vandalia rather than the Police Department as a defendant, he still did not allege that any policy, practice, or custom of the governmental body was the proximate cause of the deprivation of his constitutional rights.

Because Rivera has filed a suit for money damages against an immune defendant, and his remaining allegations fail to state a claim, the Complaint is **DISMISSED without prejudice** and with leave to refile an Amended Complaint. The Amended Complaint must be filed on or before **September 13, 2019**. Until that time, the Court **RESERVES RULING** on Rivera's Motion for Leave to Proceed *in forma pauperis* (Doc. 2). Rivera is encouraged to consult the Court's website, www.ilsd.uscourts.gov, for sample forms (under "Rules & Forms"—"For Self Help/Pro Se Parties").

     **IT IS SO ORDERED.**

     **DATED: August 14, 2019**

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**